UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRIAN EDWARD MAHONEY,

        Petitioner,

v.                                      Civil No._____

JEFF GRONDOLSKY-WARDEN,

        Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR A WRIT OF HABEAS CORPUS
## 28 U.S.C. §§ 2241(c)(3) & 18 U.S.C. § 4247(g)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOW COMES**, Petitioner Brian Edward Mahoney, and files this, his Petition for a Writ of Habeas Corpus, and would show the Honorable Court as follows:

### I. JURISDICTION

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 2241(c)(3) and 18 U.S.C. § 4247(g). Petitioner is held in the custody of FMC Devens, pursuant to a facially unconstitutional action as a "civil detainee." FMC Devens, in Ayer, Massachusetts lies within the territorial boundaries of the District of Massachusetts, see: **Rumsfeld v. Padilla**, 542 U.S. 426 (2004).

2. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1331 for a federal question, and 5 U.S.C. § 701-706 Administrative Procedures Act, for judicial review of final agency decisions and action, or lack thereof, and injunctive relief to prevent any acts of alleged fraud or retaliation.

3. Supplemental jurisdiction is invoked pursuant to Mass.Gen.L. ch. 12, § 11 H and 11 I, the Massachusetts Civil Rights Act.

## II. VENUE

4. Venue is appropriate in the District of Massachusetts, as jurisdiction attaches from the moment this document is filed, and remains in this district, despite any retaliatory transfers, see: **Mujahid v. Daniels**, 413 F.3d 991 (9th Cir. 2005).

## III. PARTIES

5. Petitioner is Brian Edward Mahoney, Reg. No. 12232-049, who is detained civilly at FMC Devens, 42 Patton Road, P.O. Box 879, Ayer, Massachusetts 01432 ph. (978) 796-1000. Petitioner submits his custody is unlawful and unconstitutional.

6. Respondent Jeffrey Grondolsky, or any "acting" party is the Warden of FMC Devens, who may be served with citation at One Courthouse Way, Suite 9200, Boston, Massachusetts 02210 c/o The United States Attorney's Office. Jeffrey Grondolsky is the person charged with supervisory authority over the administration of FMC Devens and all rights secured by 18 U.S.C. § 4042, 28 C.F.R. § 551.90, 5 C.F.R. § 2635 and PS 3420.09, which are all statutes regulating the integrity of Jeffrey Grondolsky and his staff.

## IV. PROCEDURAL HISTORY AS IT APPLIES TO PETITION

7. Petitioner was charged with Failure to Update his Registration in § 18 U.S.C. § 2250(a) in the District of New Hampshire, and that charge was subsequently dismissed by U.S. District Judge Joseph LaPlante on March 11, 2014, and the Petitioner was then held for "dangerousness" and his case was then sent to the District of Massachusetts, and U.S. Chief Judge Patti B. Saris civilly committed the Petitioner on the date of November 4, 2014, without any supporting legal documents.

8. The U.S. District Court in the District of Massachusetts never presented any complaints, police reports or any transcripts to prove dangerousness at my civil commitment proceedings, and the Respondent and his "agents" and "participants" engaged in an unconscionable plan and coerceive scheme to violate Article I, Sec. 9, cl. Ex Post Facto Clause of the U.S. Constitution, and engaged in an unlawful civil commitment procedure, without any official court documents or any criminal history of the Petitioner to prove dangerousness by the statute that was put in place by Congress.

9. The Respondent violated the "intent of Congress" in all rights secured by 18 U.S.C. § 4247(d), and the U.S. District Court in the District of Massachusetts never had lawful jurisdiction, claiming 18 U.S.C. § 4246 which is a statute never allowed by the Necessary and Proper Clause of the U.S. Constitution when it is implemented in violation of a constitutional right absent any "means-ends rationality", and in violation of federal law(s), see: **Sabri v. United States**, 541 U.S. 600, 605, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004).

### V. APPLICATION OF THE LAW AS IT APPLIES TO PETITION
*********************************************************

10. A federal statute, in addition to being authorized by U.S. Const. art. 1, § 8, must also not be prohibited by the United States Constitution. Petitioner submits 18 U.S.C. § 4246 is prohibited by Article I, Sec. 9, cl. 3 of the U.S. Constitution "Ex Post Facto" Clause.

11. Petitioner submits that U.S. Chief Judge Patti B. Saris never had lawful jurisdiction in this civil commitment pursuant to 18 U.S.C. § 4241 and my civil commitment is unconstitutional.

(3)

12. Even a long-standing history of related federal action does not demonstrate a statute's constitutionality. A history of involvement, however, can nonetheless be helpful in reviewing the substance of a congressional statutory scheme, and, in particular, the reasonableness of the relation between the new statute and the pre-existing federal interests.

13. There is no "legal" proof of jurisdiction exists with which to hold the Petitioner, see: **United States v. Lopez**, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

14. Petitioner is challenging lawful jurisdiction against Warden Jeff Grondolsky. The specific facts alleged in the charging document do not amount to a criminal offense. See: **United States v. Panarella**, 277 F.3d 678 (3d Cir. 2001).

## VI. FACTS AS THEY APPLY TO PETITION

15. Petitioner submits that AUSA Arnold H. Huftalen searched for jurisdiction on August 29, 2011, and Subpoenaed Petitioner's Bank records at People's United Bank, and AUSA Huftalen received Petitioner's Bank records from 12/29/09 till 11/8/10 in which it clearly shows that Petitioner Brian E. Mahoney never left the State of New Hampshire during this defected indictment from July 31, 2010 till November 5, 2010. See: Exhibit "1" Bank Records, and Exhibit "2" the indictment that clearly shows I was in New Hampshire not Massachusetts at all.

16. A violation of the Sex Offender Registration and Notification Act ("SORNA"), Pub. L. 109-248, tit. 1, 120 stat. 587 (2006), **codified at** 42 U.S.C. § 16911 **et seq.** ("SORNA"). SORNA requires a person "who was convicted of a sex offense" as defined in the Act to "register, and

Case 1:17-cv-11142-LTS Document 1 Filed 06/19/17 Page 5 of 11

to keep the registration current," in, among other places, "each jurisdiction where the offender resides." Id. § 16913(a). Doing so requires that the offender, "not later than 3 business days after each change of...residence...appear in person in at least 1 [such] jurisdiction...and inform that jurisdiction of all changes in [such] information." Id. § 16912(a).

17. There are three elements in which to prove that a violation of Title 18 U.S.C. § 2250(a) Failure to Update must occur, but only one of those elements make **("SORNA")** a federal violation, and that is "A person required to register under ("SORNA"); and that is **"who ever travels in interstate or foreign commerce but knowingly fails to comply with these registration requirements has committed a felony.** 18 U.S.C. § 2250(a).

18. Since Petitioner has "Ironclad Evidence" that he never left the State of New Hampshire there is no violation of any <u>**In Interstate commerce violation thus Petitioner never violated ("SORNA")**</u>. See: Exhibit "1" Petitioner's Bank Records that prove he never violated in interstate commerce, thus, there is no federal violation that ocuurred in **United States v. Brian E. Mahoney**, 11-CR-06-JL (D.N.H. 2011)(dismissed by Judge LaPlante on March 11, 2014).

19. The Fifth Amendent, requires that all elements have to be present. Failure of an indictment sufficiently to state an offense is a fundamental defect and it can be raised at any time. See: **United States v. Panarella**, 277 F.3d 678 (3d. Cir. 2001). The specific facts alleged in the charging documents do not amount to a criminal offense.

(5)

20. The First Circuit, treats coram nobis as equivalent to other more traditional forms of collateral review, like a habeas corpus. **United States v. Woodward**, 2012 U.S. Dist. LEXIS 145775 (1st Cir. 2012).

21. There is no proof of any legal and valid indictment in **United States v. Brian E. Mahoney**, 1:11-CR-06-J1 (D.N.H. 2011) therefore this Honorable Court is without jurisdiction to continue to hold the Petitioner in this matter, as all government claims are based on the action of the District of New Hampshire, and have been undertaken without lawful jurisdiction.

22. Petitioner has challenged jurisdiction and jrisdiction has never been "proven", as required by the "intent of Congress", which is in conflict with the controlling case law of **United States v. Royal**, 100 F.3d 1019 (1st Cir. 1996) and **Maine v. Thiboutot**, 448 U.S. 1, 9 n.7, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

23. Petitioner submits that he has been held for 7-years as **"incompetent"** longer than the maximum sentence I could have faced on a legal and valid indictment, which is in conflict with the controlling case law of **United States v. DeBellis**, 649 F.2d 1 (1st Cir. 1981).

24. Petitioner submits the statute which the United States is using to hold me is an unconstitutional statute, and was enacted into law unlawfully and without authority by Congress (18 U.S.C. § 4246); and (18 U.S.C. § 4247(g)); and 28 U.S.C. § 2241(c)(3)).

25. Petitioner submits that jurisdiction can never be "waived" in a criminal matter, as held in the controlling matter **Gonzalez v. Thaler** 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). This Honorable Court is holding the Petitioner without proving jurisdiction in violation of 18 U.S.C. § 2250(a); and without proving in interstate commerce.

26. Petitioner submits further acts of the unconscionable plan and coerceive scheme was Respondent's knowledge that Petitioner has already been punished for all allegations of criminal behavior, therefore all false claims of "dangerousness" have no "reasonable relation to the purpose for which the individual is committed", in conflict with the "Necessary and Proper Clause" of the U.S. Constitution, and that 18 U.S.C. § 4246 has no means that is rationally related to the implementation of a Constitutionally enumerated power, see: **Sabri v. United States**, 541 U.S. 600, 605 (2004).

27. Petitioner's current custody is unlawful and unconstitutional, and the use of perjury by Dr. Shawn Channell, violates 18 U.S.C. §§ 1621, 1622 and 1623 and has resulted in custody for 7-years for a non-dangerousness offense in a failure to update pursuant to 18 U.S.C. § 2250(a) which is not "reasonable relation to the purpose for which the individual is civilly committed, in conflict with the controlling case law of **Jackson v. Indiana**, 406 U.S. 715, 738 (1972), **Foucha v. Louisiana**, 504 U.S. 71, 80 (1992) and **Preiser v. rodriguez**, 411 U.S. 475, 484 (1973).

## VIII. REASON WHY WRIT SHOULD ISSUE

28. Petitioner submits Social worker Mrs. Jennifer Lee-Ramos has a history of violations of the constitutional rights of "civil detainee", and she has a history of making false claims about State placement absent any court orders which requires placement, as pled in this writ, in conflict with **Ecker v. United States**, 489 F.Supp.2d 130 (D. Mass. 2007) and **Ecker v. United States**, 575 F.3d 70 (1st Cir. 2009).

(7)

29. Petitioner submits he is in "imminent danger" by being unlawfully detained with dangerously psychotic inmates, while being depriving me of a status hearing challenging jurisdiction to lawfully hold me any longer, see: **United States v. La Fromboise**, 836 F.2d 1149 (8th Cir. 1988).

30. Petitioner submits Social Worker Jennifer Lee-Ramos is engaged in acts of "fraud" by contacting outside sources and discussing Petitioner's case, based on perjured and hearsay testimony, absent proof of a lawful court order authorizing said contact, while refusing to address the legality of his custody at FMC Devens, in violation of Article I, sec. 9, cl. 2 and 3 U.S. Constitution.

## IX. ARGUMENT AS IT APPLIES TO THIS WRIT

31. Petitioner was sent to FMC Devens by U.S. District Judge Joseph N. LaPlante in the matter of **United States v. Brian E. Mahoney**, 1:11-CR-06-JL (D.N.H. 2011). The district court has engaged in a coerceive scheme to conceal lawful jurisdiction from an "alleged" false indictment.

32. Petitioner submits he was sent across state lines absent lawfully jurisdiction and his only indictment was a failure to update his registration, and I have been held for 7-years. SORNA's statute only calls for a maximum sentence of 10-years, and Petitioner has already done 7-years without any statutory good-time credits.

33. Petitioner submits that his indictment was dismissed by Judge LaPlante on March 11, 2014, and then held for dangerousness in which U.S. District Judge Patti B. Saris has now "civilly committed" Petitioner since March 11, 2014, being formally civilly committed on November 4, 2014, in which Dr. Hoffman testified in Judge Saris's courtroom, and he stated Petitioner never had any mental illness. See: Exhibit "3".

(8)

34. Civil commitment under §4246 requires a finding that Brian E. Mahoney presents a substantial risk of dangerousness to others as a result of a mental illness. The finding of possible dangerousness based on conjecture and pure speculation as set forth in Dr. Channell's forensic risk report, that was completely directly contradicted Dr. Channell's report by Dr. David Hoffman a psychiatrist M.D. who is the director of the ("DMH"), who opinioned that Brian Mahoney never had a mental illness to meet any standard of **"substantial risk."**

35. The government in a civil commitment proceedings under 18 U.S.C. § 4246 relies upon past criminal history to demonstrate dangerousness. It is the responsibility of the government to produce such documents as necessary to establish that a prior offense occurred. The **Modified Pretrial Services Report**, never contained or even refered to any official court documents, and an adversary process are not at all reliable.

36. Petitioner submits Mark W. Shea, Esq. has abandoned Petitioner as a legal advocate and became a **"second prosecutor"**, see: **Rickman v. Bell**, 131 F.3d 1150 (6th Cir. 1997); and this court is without lawful jurisdiction in **United States v. Brian E. Mahoney**, Case No. 1:13-cv-11530-PPS (D. Mass. 2013).

37. Mark W. Shea, Esq. is acting as an "agent" of 'fraud', in violation of the American Bar Association Standard For Criminal Justice, 4-1.1, and has concealed an **Amended/Reconsideration** that I asked him to file on April 4, 2017, in which U.S. Chief District Judge Patti B. Saris stated in her erroneous court order that Dr. David Hoffman a psychiatrist and the Director of the ("DMH") was not reliable because FMC Devens staff only gave him 50 of 3,000 pages which was not his fault.

(9)

38. Jurisdiction was **"waived"** by acts of 'fraud' by U.S. District Judge Joseph N. LaPlante in New Hampshire, and by U.S. District Court Chief Judge Patti B. Saris in Massachusetts to bring the Petitioner Brian E. Mahoney across state lines without having lawful jurisdiction, which is prohibited by 18 U.S.C. § 1623. **Jurisdiction can never be** "waived" in a criminal matter, as held in the controlling matter **Gonzalez v. Thaler**, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012).

39. The government can make no claim of frustration of the federal power to civil commit as they have refused to prove lawful jurisdiction and falsely claim the Brian E. Mahoney is a **"convicted"** sex offender, which is patently false. Further, **there is no legal court order that exists requiring Petitioner Brian Edward Mahoney to even register as a convicted sex offender in United States v. Brian E. Mahoney**, 1:11-CR-05-JL (D.N.H. 2011)(dismissed on March 11, 2014).

## CONCLUSION

WHEREFORE, premises considered, Petitioner Brian E. Mahoney files this, his Petition for a Writ of Habeas Corpus, and moves the Honorable Court to **GRANT** all pleadings for all just reasons asserted herein and elsewhere found in the record:

**1. Petitioner's immediate release from unlawful confinement at once, based on all the facts cited herein, and stop the 'fraud' that has occurred for the past 7-years against Petitioner.**

6/14/17

Respectfully Submitted by,

*Brian Edward Mahoney*
Brian Edward Mahoney
Reg. No. #12232-049, Unit-N-4
Federal Medical Center, Devens
P.O. Box 879
Ayer, Massachusetts 01432
Petitioner Pauperis Persona

(10)

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I caused one original of this petition under § 2241 and 18 U.S.C. § 4247(g) to be provided to the clerk of court on this the 14th day of June, 2017, by placing such in the United States Mail with first class postage affixed, addressed to: United States District Court, Attn. Clerk of Court, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210

*Brian E. Mahoney*
Brian Edward Mahoney

## AFFIDAVIT OF BRIAN E. MAHONEY

COUNTY OF MIDDLESEX §
STATE OF MASSACHUSETTS §

I, Brian Edward Mahoney, being over the age of 18 and competent, do depose and declare that I am civil detainee incarcerated at FMC Devens and that the foregoing is true and correct under penalty of perjury pursuant to federal law(s) 28 U.S.C. § 1746 and 18 U.S.C. § 1621:

1. Affiant attests staff of FMC Devens refuse to video tape conversations, in violation of the "intent of Congress" in 18 U.S.C. § 4247(f) and Rule 106 of the Federal Rules of Evidence to deny all rights to confrontation of false claims against Petitioner Brian E. Mahoney who does not even have a mental illness according to psychiatrist M.D. Dr. David Hoffman who testified to this on January 26, 2017 in Judge Saris's Courtroom to my mental illness.

2. Affiant attests that he is the Petitioner in this petition, and he is the one who prepared this petition himself.

Further, affiant sayeth naught:

6/14/17

*Brian Edward Mahoney*
Brian Edward Mahoney

(11)