# EXHIBITS

Exhibit 1



August 29, 2011

Arnold H. Huftalen, AUSA
Ubited States Attorney's Office
53 Pleasant St.4th Floor
Concord, NH 03301

Re: Subpoena-Case No. 11-06-01-JL

Dear Mr. Huftalen:

Enclosed you will find the records you requested for the above case number. I hope you find the information helpful.

If you have questions, or if I can be of any further assistance, please feel free to contact me at (203) 338-3849.

Sincerely,

Brenda L. Burgess
Legal Service of Process Representative

**Statement of Account**
0444196432

 

018079

BRIAN E MAHONEY
PO BOX 2071
DOVER NH 03821-2071

July 08, 2011
Total days in statement period: 30
(0 )
Page  1 of  1

Direct Inquiries to:
CALL CENTER
1-800-894-0300

Peoples United Bank
537 Central Avenue
Dover NH          03820

## Summary of Account Balance

| Account | Number | Ending Balance |
|---------|--------|----------------|
| Plus Checking | 0444196432 | $9,313.50 |

## Plus Checking  0444196432

**Average balance**          **$8,461.37**

| Date | Description | Additions | Subtractions | Balance |
|------|-------------|-----------|--------------|---------|
| 06-08 | Beginning balance | | | $8,151.50 |
| 07-01 | #ACH Credit | 1,162.00 | | 9,313.50 |
| | US TREASURY 303 XXSOC SEC | | | |
| | 110701 | | | |
| 07-08 | **Ending totals** | **1,162.00** | **.00** | **$9,313.50** |

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |



| Account Number | Ending Date |
|---|---|
| 444196432 | 7/07/2010 |

BRIAN E MAHONEY
PO BOX 2071
DOVER NH 03821-2071

For questions about your electronic transfers, please call 1-800-367-8862.

---

**BREAKFREE CHECKING**                     **Account Number: 444196432**

### Account Summary

ACCOUNT TITLE: BRIAN E MAHONEY

| BREAKFREE CHECKING | | CHECK SAFEKEEPING | |
|---|---|---|---|
| Account Number | 444196432 | Statement Dates | 6/08/10 thru 7/07/10 |
| BEGINNING BALANCE | $266.95 | DAYS IN THIS STATEMENT PERIOD | 30 |
| 1 CREDITS | $1,128.00 | AVERAGE LEDGER BALANCE | $189.51 |
| 24 DEBITS | $957.28 | AVG COLLECTED BALANCE | $189.51 |
| SERVICE CHARGE | $0.00 | | |
| INTEREST PAID | $0.00 | | |
| ENDING BALANCE | $437.67 | | |

---

### DEPOSITS AND OTHER CREDITS

| Date | Transaction Details | Amount |
|---|---|---|
| 7/02 | US TREASURY 303 3031036030<br>ENTRY DESC SOC SEC<br>PPD TRACE # 031736012433675 | $1,128.00 |

### DEBITS

| Date | Transaction Details | Amount |
|---|---|---|
| 6/10 | POS DEB 1644 06/09/10 00056832<br>CVS 00666<br>NEWINGTON NH<br>Card# 834527 | -$39.98 |
| 6/15 | ATM W/D 1728 06/14/10 00006558<br>OCEAN BANK<br>PORTSMOUTH NH<br>Card# 834527 | -$20.00 |
| 6/16 | DBT CRD 2101 06/15/10 00030792<br>ASIA DOVER<br>DOVER NH<br>Card# 834527 | -$24.84 |
| 6/16 | POS DEB 1617 06/15/10 00014646<br>FAMILY DOLLAR #<br>DOVER NH<br>Card# 834527 | -$20.74 |
| 6/16 | ATM W/D 1225 06/16/10 00008093 | -$20.00 |

OCEAN BANK
DURHAM NH
Card# 834527

| Date | Description | Amount |
|---|---|---|
| 6/16 | POS DEB 2144 06/15/10 00867771<br>TEDESCHI FOOD S<br>DOVER NH<br>Card# 834527 | -$9.98 |
| 6/17 | DBT CRD 2111 06/16/10 00015715<br>SMILEY'S BEVERAGE<br>DOVER NH<br>Card# 834527 | -$5.04 |
| 6/17 | DBT CRD 2111 06/16/10 00015716<br>SMILEY'S BEVERAGE<br>DOVER NH<br>Card# 834527 | -$5.04 |
| 6/18 | DBT CRD 0002 06/18/10 00011323<br>SUNOCO 0267970200 Q21<br>PORTSMOUTH NH<br>Card# 834527 | -$15.02 |
| 7/02 | ATM SERVICE CHARGE | -$2.00 |
| 7/02 | ATM W/D 1516 07/02/10 00527676<br>GCA* SEABROOK GREYHOUN<br>SEABROOK NH<br>Card# 834527 | -$201.00 |
| 7/02 | POS DEB 0804 07/02/10 00645662<br>CNS RITE AID CO<br>DOVER NH<br>Card# 834527 | -$59.98 |
| 7/02 | POS DEB 0811 07/02/10 00325092<br>CNS RITE AID CO<br>DOVER NH<br>Card# 834527 | -$34.39 |
| 7/02 | POS DEB 0842 07/02/10 00018493<br>#07479 SHAW'S M<br>DOVER NH<br>Card# 834527 | -$25.09 |
| 7/06 | ATM SERVICE CHARGE | -$2.00 |
| 7/06 | ATM W/D 1843 07/05/10 00527553<br>GCA* SEABROOK GREYHOUN<br>SEABROOK NH<br>Card# 834527 | -$201.00 |
| 7/06 | ATM W/D 1323 07/06/10 00002903<br>OCEAN BANK<br>HAMPTON NH<br>Card# 834527 | -$60.00 |
| 7/06 | DBT CRD 0522 07/03/10 00029027<br>DURHAM 66 10090868<br>DURHAM NH<br>Card# 834527 | -$46.95 |
| 7/07 | DBT CRD 2114 07/06/10 00012609<br>JOSEPH R. MITCHELL<br>NEWINGTON NH<br>Card# 834527 | -$18.00 |

## CHECKS

| No | Date | Amount | No | Date | Amount | No | Date | Amount |
|---|---|---|---|---|---|---|---|---|

| 1 | 6/29 | -$3.00 | 331* | 6/14 | -$11.90 | 453* | 6/18 | -$30.75 |
| 317* | 7/06 | -$40.00 | 332 | 6/09 | -$60.58 | | | |

\* INDICATES BREAK IN CHECK # SEQUENCE

## BALANCE SUMMARY

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 6/08 | $266.95 | 6/15 | $134.49 | 6/29 | $0.08 |
| 6/09 | $206.37 | 6/16 | $58.93 | 7/02 | $805.62 |
| 6/10 | $166.39 | 6/17 | $48.85 | 7/06 | $455.67 |
| 6/14 | $154.49 | 6/18 | $3.08 | 7/07 | $437.67 |

**For questions about your electronic transfers, please call 1-800-367-8862.**



| | | |
|---|---|---|
| Account Number | Ending Date | |
| 444196432 | 7/16/2010 | |

BRIAN E MAHONEY
PO BOX 2071
DOVER NH 03821-2071

For questions about your electronic transfers, please call 1-800-367-8862.

---

## BREAKFREE CHECKING      Account Number: 444196432

### Account Summary

ACCOUNT TITLE: BRIAN E MAHONEY

| | | | | |
|---|---|---|---|---|
| BREAKFREE CHECKING | | | CHECK SAFEKEEPING | |
| Account Number | 444196432 | | Statement Dates | 7/08/10 thru 7/18/10 |
| BEGINNING BALANCE | $437.67 | | DAYS IN THIS STATEMENT PERIOD | 11 |
| CREDITS | $0.00 | | AVERAGE LEDGER BALANCE | $185.03 |
| 8 DEBITS | $357.00 | | AVG COLLECTED BALANCE | $185.03 |
| SERVICE CHARGE | $0.00 | | | |
| INTEREST PAID | $0.00 | | | |
| ENDING BALANCE | $80.67 | | | |

---

### DEBITS

| Date | Transaction Details | Amount |
|---|---|---|
| 7/12 | ATM SERVICE CHARGE | -$2.00 |
| 7/12 | ATM SERVICE CHARGE | -$2.00 |
| 7/12 | ATM W/D 1148 07/10/10 00002249<br>OCEAN BANK<br>ROCHESTER NH<br>Card# 834527 | -$100.00 |
| 7/12 | ATM W/D 1612 07/09/10 00000970<br>SIGNAL VARIE-69<br>ROCHESTER NH<br>Card# 834527 | -$61.50 |
| 7/12 | ATM W/D 1805 07/11/10 00001066<br>SIGNAL VARIE-69<br>ROCHESTER NH<br>Card# 834527 | -$61.50 |

---

### CHECKS

| No | Date | Amount | No | Date | Amount | No | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 315 | 7/08 | -$50.00 | 316 | 7/08 | -$20.00 | 318* | 7/12 | -$60.00 |

* INDICATES BREAK IN CHECK # SEQUENCE

## BALANCE SUMMARY

| Date | Balance | Date | Balance |
|------|---------|------|---------|
| 7/08 | $367.67 | 7/12 | $80.67 |

**For questions about your electronic transfers, please call 1-800-367-8862.**

 **People's United Bank**

BRIAN E MAHONEY
PO BOX 2071
DOVER NH 03821-2071

**Statement of Accounts**
0444196432

**Statement Date**
August 08, 2010

**Total days in statement period**
21

**Direct Inquiries to:**
**CALL CENTER**
**1-800-894-0300**
**Peoples United Bank**
**537 Central Avenue**
**Dover NH 03820**

Back of Statement
(Checking Account)
Back of Statement (CD or Savings)

## Statement Summary

| Account | Number | Ending Balance |
| --- | --- | --- |
| Plus Checking | 0444196432 | $218.86 |

**WANT TO RECEIVE YOUR STATEMENTS ELECTRONICALLY?**
**GO TO PEOPLES.COM/PAPERLESS AND SIGN UP FOR E-STATEMENTS.**

## Plus Checking 0444196432

Average balance          $118.73

| Date | Description | Additions | Subtractions | Balance |
| --- | --- | --- | --- | --- |
| 07-18 | Beginning balance | | | $80.67 |
| 07-19 | #Nyce ATM Withdrawal<br>Cash Withdrawal Terminal 000072E7<br>537 Central Ave Dover NH<br>XXXXXXXXXXXX4527 | | $60.00- | $20.67 |
| 07-19 | #Nyce POS Purchase<br>POS Purchase Terminal 00721723<br>Cns Rite Aid CO Rochester NH<br>XXXXXXXXXXXX4527 | | $19.99- | $0.68 |
| 08-03 | #ACH Credit<br>US Treasury 303 Soc Sec<br>100803 | $1,128.00 | | $1,128.68 |
| 08-03 | #Nyce POS Purchase<br>POS Purchase Terminal 32902695<br>Usps 3218000820 Dover NH<br>XXXXXXXXXXXX4527 | | $54.80- | $1,073.88 |
| 08-03 | #Nyce POS Purchase<br>POS Purchase Terminal 15893401<br>Shell Service S Dover NH<br>XXXXXXXXXXXX4527 | | $44.05- | $1,029.83 |
| 08-03 | #Nyce POS Purchase<br>POS Purchase Terminal 15893401 | | $0.99- | $1,028.84 |

Shell Service S Dover NH
XXXXXXXXXXXX4527

| 08-03 | #Nyce POS Purchase/Cb<br>POS Pch Csh Back Terminal W0352027<br>Walgreen Compan Rochester NH<br>XXXXXXXXXXXX4527 | | $119.98- | $908.86 |
|---|---|---|---|---|
| 08-04 | #ATM Withdrawal<br>Cash Withdrawal Terminal 000000000<br>537 Central Ave Dover NH<br>XXXXXXXXXXXX4527 | | $300.00- | $608.86 |
| 08-04 | #Mastermoney Purchase<br>POS Purchase Terminal 12345678<br>Friendly Ice Cr Rochester NH<br>XXXXXXXXXXXX4527 | | $10.00- | $598.86 |
| 08-05 | #ATM Withdrawal<br>Cash Withdrawal Terminal 000000000<br>110 S Main St Rochester NH<br>XXXXXXXXXXXX4527 | | $100.00- | $498.86 |
| 08-05 | #ATM Withdrawal<br>Cash Withdrawal Terminal 000000000<br>537 Central Ave Dover NH<br>XXXXXXXXXXXX4527 | | $60.00- | $438.86 |
| 08-05 | #ATM Withdrawal<br>Cash Withdrawal Terminal 000000000<br>110 S Main St Rochester NH<br>XXXXXXXXXXXX4527 | | $60.00- | $378.86 |
| 08-05 | #ATM Withdrawal<br>Cash Withdrawal Terminal 000000000<br>110 S Main St Rochester NH<br>XXXXXXXXXXXX4527 | | $60.00- | $318.86 |
| 08-06 | #ATM Withdrawal<br>Cash Withdrawal Terminal 000000000<br>537 Central Ave Dover NH<br>XXXXXXXXXXXX4527 | | $100.00- | $218.86 |
| 08-08 | Ending totals | $1,128.00 | $989.81- | $218.86 |

## OVERDRAFT/RETURN ITEM FEES

| | Total for<br>this Period | Total<br>year-to-date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |



BRIAN E MAHONEY
PO BOX 2071
DOVER NH 03821-2071

**Statement of Accounts**
0444196432
**Statement Date**
September 08, 2010
**Total days in statement period**
31

**Direct Inquiries to:**
**CALL CENTER**
**1-800-894-0300**
**Peoples United Bank**
**537 Central Avenue**
**Dover NH 03820**

Back of Statement
(Checking Account)
Back of Statement (CD or Savings)

## Statement Summary

| Account | Number | Ending Balance |
|---|---|---|
| Plus Checking | 0444196432 | $443.89 |

## Plus Checking 0444196432

Average balance          $155.64

| Date | Description | Additions | Subtractions | Balance |
|---|---|---|---|---|
| 08-08 | Beginning balance | | | $218.86 |
| 08-10 | #ATM Withdrawal<br>Cash Withdrawal Terminal 000000000<br>110 S Main St Rochester NH<br>XXXXXXXXXXXX4527 | | $60.00- | $158.86 |
| 08-16 | #Nyce POS Purchase<br>POS Purchase Terminal 63082201<br>Hannaford #8242 Dover NH<br>XXXXXXXXXXXX4527 | | $11.21- | $147.65 |
| 08-16 | #Nyce POS Purchase<br>POS Purchase Terminal 63082201<br>Hannaford #8242 Dover NH<br>XXXXXXXXXXXX4527 | | $9.56- | $138.09 |
| 08-16 | #Mastermoney Purchase<br>POS Purchase Terminal 12345678<br>Redbox *dvd Ren Oakbrkter IL<br>XXXXXXXXXXXX4527 | | $1.00- | $137.09 |
| 08-17 | Check 320 | | $21.00- | $116.09 |
| 08-17 | #Nyce POS Purchase/Cb<br>POS Pch Csh Back Terminal 0078CG11<br>Quick Togo Somerswor NH<br>XXXXXXXXXXXX4527 | | $36.25- | $79.84 |
| 08-17 | #Mastermoney Purchase<br>POS Purchase Terminal 12345678 | | $5.88- | $73.96 |

Staples 0 Somerswor NH
XXXXXXXXXXXXX4527

| Date | Description | | | |
|------|-------------|---|---|---|
| 08-18 | #Nyce POS Purchase<br>POS Purchase Terminal 00003230<br>Cns Rite Aid CO Dover NH<br>XXXXXXXXXXXXX4527 | | $25.59- | $48.37 |
| 08-18 | #Nyce POS Purchase<br>POS Purchase Terminal 63082201<br>Hannaford #8242 Dover NH<br>XXXXXXXXXXXXX4527 | | $10.92- | $37.45 |
| 08-19 | #ATM Withdrawal<br>Cash Withdrawal Terminal 000000000<br>537 Central Ave Dover NH<br>XXXXXXXXXXXXX4527 | | $20.00- | $17.45 |
| 08-23 | #Nyce POS Purchase<br>POS Purchase Terminal 32902696<br>Usps 3218000820 Dover NH<br>XXXXXXXXXXXXX4527 | | $15.92- | $1.53 |
| 09-03 | #ACH Credit<br>US Treasury 303 Soc Sec<br>100903 | $906.50 | | $908.03 |
| 09-03 | #ATM Withdrawal<br>Cash Withdrawal Terminal 72E7<br>537 Central Ave Dover NH<br>XXXXXXXXXXXXX4527 | | $300.00- | $608.03 |
| 09-03 | #Nyce POS Purchase<br>POS Purchase Terminal 32902697<br>Usps 3218000820 Dover NH<br>XXXXXXXXXXXXX4527 | | $8.80- | $599.23 |
| 09-07 | #Nyce POS Purchase<br>POS Purchase Terminal 00510005<br>Market Basket Lee NH<br>XXXXXXXXXXXXX4527 | | $100.38- | $498.85 |
| 09-07 | #Nyce POS Purchase<br>POS Purchase Terminal LK731177<br>Aubuchon Hdw #1 Lee NH<br>XXXXXXXXXXXXX4527 | | $14.99- | $483.86 |
| 09-07 | #Nyce POS Purchase<br>POS Purchase Terminal LK731177<br>Aubuchon Hdw #1 Lee NH<br>XXXXXXXXXXXXX4527 | | $6.98- | $476.88 |
| 09-08 | #Nyce POS Purchase<br>POS Purchase Terminal W1078032<br>Walgreen Compan Dover NH<br>XXXXXXXXXXXXX4527 | | $19.49- | $457.39 |
| 09-08 | #Nyce POS Purchase<br>POS Purchase Terminal W1078032<br>Walgreen Compan Dover NH<br>XXXXXXXXXXXXX4527 | | $13.50- | $443.89 |
| 09-08 | Ending totals | $906.50 | $681.47- | $443.89 |

## OVERDRAFT/RETURN ITEM FEES

| | Total for<br>this Period | Total<br>year-to-date |
|---|---|---|
| | | |

| | | |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

1 Enclosures

| Number | Date | Amount |
|---|---|---|
| 320 | August 17, 2010 | $21.00- |

Exhibit A

0444196432        PAGE

##XXH1136DPCSTM         11081000444196432

Statement of Account
0444196432
Brian E Mahoney
Page  2 of  3

| Date | Description | Additions | Subtractions | Balance |
|------|-------------|-----------|--------------|---------|
| 10-18 | #Mastermoney Purchase 00000197470000<br>POS Purchase Terminal 12345678<br>Optima O7899446 Somerswor NH<br>XXXXXXXXXXXX4527 | | -11.00 | 18.79 |
| 10-22 | #Mastermoney Purchase 00000305890000<br>POS Purchase Terminal 12345678<br>Bunker Hill com Boston MA<br>XXXXXXXXXXXX4527 | | -5.45 | 13.34 |
| 10-22 | #Mastermoney Purchase 00000154550000<br>POS Purchase Terminal 12345678<br>Bunker Hill com Boston MA<br>XXXXXXXXXXXX4527 | | -3.20 | 10.14 |
| 10-25 | #Mastermoney Purchase 00000157110000<br>POS Purchase Terminal 12345678<br>McDonald'S F226 Boston MA<br>XXXXXXXXXXXX4527 | | -2.97 | 7.17 |
| 10-25 | #Mastermoney Purchase 00000194940000<br>POS Purchase Terminal 12345678<br>Landmark News G Boston MA<br>XXXXXXXXXXXX4527 | | -2.48 | 4.69 |
| 10-26 | #Mastermoney Purchase 00000177070000<br>POS Purchase Terminal 12345678<br>Foodmaster Supe Charlesto MA<br>XXXXXXXXXXXX4527 | | -3.81 | 0.88 |
| 11-02 | #Nyce Balance Inquiry 00000307480000<br>Balance Inquiry Terminal 00720071<br>20 City Sq Boston MA<br>XXXXXXXXXXXX4527 | | -0.00 | 0.88 |
| 11-03 | #ACH Credit<br>US Treasury 303 Soc Sec<br>101103 | 1,167.00 | 31736012393660 | 1,167.88 |
| 11-03 | #Nyce ATM Withdrawal  00000094110000<br>Cash Withdrawal Terminal MZ5301<br>5 Austin Street Charlesto MA<br>XXXXXXXXXXXX4527 | | -300.00 | 867.88 |
| 11-03 | #Ntwk ATM Surcharge   00000094110000<br>Surcharge Amount Terminal MZ5301<br>5 Austin Street Charlesto MA<br>XXXXXXXXXXXX4527 | | -2.75 | 865.13 |
| 11-03 | #Nyce Balance Inquiry 00000017370000<br>Balance Inquiry Terminal 00720071<br>20 City Sq Boston MA<br>XXXXXXXXXXXX4527 | | -0.00 | 865.13 |
| 11-03 | #Nyce Balance Inquiry 00000325450000<br>Balance Inquiry Terminal 00720071<br>20 City Sq Boston MA<br>XXXXXXXXXXXX4527 | | -0.00 | 865.13 |
| 11-03 | #Nyce Balance Inquiry 00000094080000<br>Balance Inquiry Terminal MZ5301<br>5 Austin Street Charlesto MA<br>XXXXXXXXXXXX4527 | | -0.00 | 865.13 |

Mahoney-000596

```
                                              0444196432      PAGE

##XXB1136DPCSTM        11081000444196432

   Statement of Account
   0444196432
   Brian E Mahoney
   Page  3 of  3

  Date    Description            Additions    Subtractions      Balance

  11-04  #Nyce ATM Withdrawal  00000314130000     -200.00        665.13
         Cash Withdrawal Terminal IMAD0456
         *phillipos Remote Boston MA
         XXXXXXXXXXXX4527
  11-04  #Ntwk ATM Surcharge   00000314130000       -2.00        663.13
         Surcharge Amount Terminal IMAD0456
         *phillipos Remote Boston MA
         XXXXXXXXXXXX4527
  11-05  #Nyce ATM Withdrawal  00000037280000     -300.00        363.13
         Cash Withdrawal Terminal MZ5300
         5 Austin Street Charlesto MA
         XXXXXXXXXXXX4527
  11-05  #Mastermoney Purchase 00000136650000      -42.50        320.63
         POS Purchase Terminal 12345678
         Tedeschi Food 3 Charlesto MA
         XXXXXXXXXXXX4527
  11-05  #Mastermoney Purchase 00000136660000      -42.50        278.13
         POS Purchase Terminal 12345678
         Tedeschi Food 3 Charlesto MA
         XXXXXXXXXXXX4527
  11-05  #Ntwk ATM Surcharge   00000037280000       -2.75        275.38
         Surcharge Amount Terminal MZ5300
         5 Austin Street Charlesto MA
         XXXXXXXXXXXX4527
  11-08  #Service Charge       00000000000000      -14.00        261.38
         Network ATM
  11-08  Ending totals           1,167.00       -1,226.51      $261.38
```

| | Total for | Total |
|---|---|---|
| | this period | year-to-date |
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

Mahoney-000597

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.                                    1:11-cr-

BRIAN E. MAHONEY

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

Between on or about July 31, 2010 and November 5, 2010, in

the Districts of New Hampshire and Massachusetts, the defendant

BRIAN E. MAHONEY,

an individual required to register under the Sex Offender

Registration and Notification Act, who traveled in interstate

commerce from the State of New Hampshire to Massachusetts,

knowingly failed to update his sex offender registration in the

State of New Hampshire, as required by the Sex Offender

Registration and Notification Act.

In violation of Title 18, United States Code, Section

2250(a).

January 19, 2011

                              TRUE BILL

                              /s/ Foreperson
                              Grand Jury Foreperson

John P. Kacavas
United States Attorney

By: /s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant U.S. Attorney

*Exhibit "3"*



# The Commonwealth of Massachusetts
## Executive Office of Health and Human Services
## Department of Mental Health
### 25 Staniford Street
### Boston, Massachusetts 02114-2575

**CHARLES D. BAKER**
*Governor*

**KARYN E. POLITO**
*Lieutenant Governor*

**MARYLOU SUDDERS**
*Secretary*

**JOAN MIKULA**
*Commissioner*

**(617) 626-8000**
**www.mass.gov/dmh**

November 1, 2016

Brian E. Mahoney
Reg. No. #12232-049, Unit N-5
Federal Medical Center, Devens
Ayer, Massachusetts 01432

Re:   Eligibility Appeal - Final Decision

Dear Mr. Mahoney:

I am writing to inform you of the decision of the Department of Mental Health concerning your application for DMH adult services.

The Department appointed a hearing officer who convened a fair hearing on September 28, 2016. Given the evidence, the hearing officer determined that there was a reasonable basis for the Department's decision to deny your application for services based on clinical criteria, in accordance with 104 CMR 29.04(2). A copy of the hearing officer's decision is enclosed.

I find that the hearing officer's decision is in accordance with applicable law, and hereby adopt its findings of fact, conclusions of law, and reasoning as my own. I am, therefore, denying your appeal. This is the final decision of the Department in this matter.

You have the right to seek judicial review, within 30 days of receipt of this decision, in accordance with the standards and procedures contained in M.G.L. c. 30A, § 14.

Sincerely,

Joan Mikula
Commissioner

Enclosure

cc: Dominic J. Gervasi, Esq., Hearing Officer
    Patricia Kenny, Metro Boston Area Director
    David Hoffman, M.D., Metro Boston Area Medical Director
    David Kolman, Esq., Assistant General Counsel

## *The Commonwealth of Massachusetts*

Executive Office of Health and Human Services
Department of Mental Health

In Re: BEM

## Decision

A hearing was held at the Federal Medical Center on September 28, 2016. BEM ("the Appellant") attended the hearing and was not represented. The Department of Mental Health ("DMH") was represented by Attorney David Kolman and Dr. David Hoffman, Medical Director for the Metro Boston Area.

The witnesses were placed under oath. The hearing consisted of oral testimony of two witnesses and the introduction of 19 exhibits (marked Exhibit #1 through Exhibit #19). The record was closed at the conclusion of the hearing.

I.    STATUTORY PROVISIONS AND ISSUE OF LAW:

104 CMR 29.04 (2)(a) and 104 CMR 29.16 (2)(a) - Whether the DMH's March 25, 2016, denial of BEM's eligibility for adult services, based on clinical criteria, has a reasonable basis.

II.    FINDINGS OF FACTS:

1.    BEM reported he was born on May 23, 1959, in Quincy, Massachusetts, and raised in Charlestown, Massachusetts. BEM described Charlestown as being a violent place to grow up. His father reportedly lived with the family until BEM was six years old. In 1966, BEM's father was convicted of a triple homicide, for which he served 27 years in prison and he reportedly committed suicide 18 months after his release. BEM reported that his mother has recently passed away. There is no record of developmental delays contained in the record and BEM was described an active child who had a positive relationship with his mother. Documents contained in the file indicate that BEM quit high school while in the 9th grade and reported that he was a good student while in school but was placed in special education due to behavioral problems. BEM obtained his GED certificate and has completed a 15-week legal preparation course at Suffolk Law School and took building construction and technology courses at Wentworth Institute of Technology in Boston. BEM is a few credits short of an Associate's Degree. BEM is currently married. (Exhibit #2, Exhibit #16, Exhibit #19 and Testimony of BEM)

2.    BEM's medical history includes diminished hearing in his left ear as a result of a firecracker incident which damaged his left ear drum when he was 13 years of age, a 1995 work related injury in which he fell approximately 53 feet breaking his leg, back and sustaining a head injury which caused him to lose consciousness for 24 hours. In

1

2007, BEM was beaten unconscious by police and in 2010 BEM is reported to have suffered a heart attack. (Exhibit #19 and Testimony of Dr. Hoffman)

3.  According to the Risk Assessment Panel Report dated November 6, 2015, BEM has a lengthy criminal history which includes 34 adult criminal convictions and approximately 20 other arrests. Some of the criminal convictions involved acts of violence. In 1978, he was convicted of Assault and Battery. In 1979, he was convicted of Assault with a Dangerous Weapon (pliers) and Assault and Battery. In 1983, BEM was convicted of Assault with a Dangerous Weapon (knife) with Intent to Rape and was incarcerated for six years at Massachusetts Correctional Institute (MCI) - Walpole. In 1996, BEM was convicted of Assault and Battery and again in 1997. BEM was also incarcerated at MCI Concord in 2008 and 2009. BEM emphatically denied that this criminal record is correct and argued that there were other individuals with the same name that were used for the purposes of compiling the criminal record. Some of the charges included in error are charges for Armed Robbery and Gun Charges. According to transcripts of the proceeding before Judge Sarris it appears that there were 4 people with the same name as BEM and two of those people had the same date of birth. (Exhibit #4, Exhibit #19, Exhibit #16 and Testimony of BEM)

4.  BEM first sought mental health treatment in 1989 shortly after his release from incarceration for Attempted Rape. It was reported that BEM sought treatment due to feedback he had received that his fast speech and demeanor were overbearing. BEM was treated by Dr. Martinez, a psychiatrist at Massachusetts General Hospital. BEM continued to see Dr. Martinez until 1994 and returned to Dr. Martinez in 1996. (Exhibit #19)

5.  BEM was treated at the Avis-Goodwin Health Center beginning in December 2004 and was seen one to two times per month through December 7, 2010. BEM was seen for numerous physical ailments and reasons including medication monitoring. On January 26, 2005, BEM reported feeling anxious and was reported to be extremely agitated and compulsive. BEM was prescribed medication for Anxiety and Attention Deficit Hyperactivity Disorder (ADHD). (Exhibit #18)

6.  BEM received psychiatric treatment in the course of his incarceration at MCI Concord between 2008 and 2009. He presented with mood instability and distress about his legal case pertaining to having to register as a sex offender. He was also described to have engaged in repeated altercations with other inmates, and to have endorsed suicidal ideation and engaged in self-harming behavior (scratching and cutting himself) upon receiving disciplinary reports. It was believed BEM's behavior was in an effort to manipulate his housing status. No signs or symptoms of psychosis were noted. BEM was diagnosed with ADHD, General Anxiety Disorder (GAD), Mood Disorder, Not Otherwise Specified (NOS), and Borderline Personality Disorder. (Exhibit #19)

7.  In 2009, BEM reportedly became depressed and his primary care physician prescribed Wellbutrin and Adderall (stimulant). The defendant was compliant with neither

2

medication and was then referred to Avis-Goodwin Community Health Center for psychiatric treatment. At Avis-Goodwin, BEM was treated by Dr. Haile, who prescribed Xanax and Seroquel an antipsychotic and mood stabilizer. He also received weekly counseling. According to Avis Goodwin Community Health Center records, BEM had an initial evaluation in December, 2009. At that time, he endorsed problems with anxiety, chronic pain, emotional trauma, sleep, and ADHD, BEM was prescribed Xanax and Celexa. On January 8, 2010, a mental health assessment was performed on BEM by Rachel Wizwer, LICSW. BEM reported that he was recently released from prison and he has been experiencing anxiety and hyperactivity for as long as he could remember. On April 10, 2010, during a follow up appointment and was seen by Diana Haile, ARNP. BEM presented as being more hyper than on previous occasions and stated that he felt that his psychosis is from all of the injustices that have happened to him. BEM appeared to present as either Bipolar I with possible psychotic features or Schizoaffective Disorder as well as possible Anti-Social Personality Disorder traits and Narcissism. (Exhibit #17 and Exhibit #19)

8.  In 2011 BEM was arrested and charged with Failing to Register as a Sex Offender. BEM was indicted in the District of New Hampshire where the charged crime was alleged to have occurred. BEM was held at the Strafford County House of Correction. Records indicate that BEM requested to be evaluated by mental health staff due to complaints of increased depression and anxiety related to his legal charges. He requested his psychiatric medications Xanax and Seroquel be restarted, as he had stopped taking them upon his arrest in November. His working diagnoses included Depressive Episode, possible Bipolar Mood Disorder, and features of Antisocial Personality Disorder. (Exhibit#19)

9.  In April 2011, the court issued an order that BEM be evaluated for competence to stand trial. He was evaluated at the Federal Medical Center (FMC) in Devens, Massachusetts and treated by Dr. Miriam Kissin from April through May 2011. At the time of admission, his speech was noted to be pressured and he complained of feeling "hyper" and "depressed." He reported a history of hearing voices telling him to harm himself and assuring him his charges were unfair. He was diagnosed with Bipolar II Disorder, Hypomanic, Moderate and the opinion was offered he was competent to stand trial. (Id.)

10. In June 2012, the Court found BEM incompetent to assist properly in his defense and/or to conduct his own defense. He was then committed for competency restoration treatment. On February 21, 2013, BEM was civilly committed by United States District Court Judge Joseph Laplante who requested an evaluation with regard to whether BEM suffered from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another under Section 4246 of the United States Code. (Exhibit#3 and Exhibit#16)

11. On May 30, 2013, a forensic evaluation report was issued by Dr. Shawn Channell a forensic psychologist at the request of Judge Laplante. Dr. Channell reviewed numerous documents and medical records and BEM participated in clinical interviews. Based on BEM's history and presentation during the evaluation, Dr. Channell found BEM to have

met the diagnostic criteria for Bipolar I Disorder. Dr. Channell cited the Diagnostic and Statistical Manual of Mental Disorders-Fourth Edition-Text Revision (DSM-IV-TR), and described the essential feature of Bipolar I Disorder is a clinical course characterized by one or more Manic Episodes, which are defined as distinct periods during which there is an abnormally and persistently elevated, expansive, or irritable mood lasting for at least one week. The mood disturbance must be accompanied by at least three additional symptoms including inflated self-esteem or grandiosity, decreased need for sleep, pressure of speech, flight of ideas, distractibility, increased involvement in goal-directed behavior or psychomotor agitation, and excessive involvement in pleasurable activities. Manic episodes are sufficiently severe to cause marked impairment in occupational functioning or in usual social activities or relationships with others, or to necessitate hospitalization to prevent harm to self or others. BEM was also diagnosed with Antisocial Personality Disorder. Dr. Channell explained that the essential feature of Antisocial Personality Disorder is a pervasive pattern of disregard for and violation of the rights of others occurring since age 15 years. BEM's history includes a failure to conform to social norms with respect to lawful behaviors, as he has engaged in multiple criminal acts that were grounds for arrest. Dr. Channell provided the following diagnosis:

| | |
|---|---|
| Axis I: | Bipolar I Disorder, Most Recent Episode Hypomanic |
| | Canabis Dependence, in a controlled environment |
| Axis II: | Antisocial Personality Disorder |
| Axis III: | Hypertension, Polyneuropathy |
| Axis IV: | Problems related to interaction with the legal system. |
| Axis V: | Current GAF 40 (Exhibit #19) |

12. On March 11, 2014, the criminal charges against BEM were dismissed without prejudice. On November 4, 2014, United States District Court Judge Patti B. Saris committed BEM under Section 4246 of the United States Code. In transcripts of the proceeding provided by BEM, Dr. Channell indicated that he believed BEM to have the diagnosis of Bipolar I with psychotic features. (Exhibit #3, Exhibit #8, Exhibit #16, Exhibit #18 and Exhibit#19)

13. On January 7, 2016, BEM applied for Services from the DMH. BEM listed Bipolar I Disorder, Antisocial Personality Disorder, and Cannabis Dependence as his psychiatric diagnoses. (Exhibit #13)

14. BEM received psychological services while at FMC Devens from October 2015 through June 2016. In a diagnostic and care level formulation provided by Dr. Jonathan Gorham on February 3, 2016, BEM was provided with an Axis I diagnosis of other specified Bipolar and related disorder with psychotic features, and an Axis II diagnosis of Antisocial Personality Disorder. In formulating his diagnosis, Dr. Gorman indicated that according to the record, BEM has been diagnosed with multiple diagnoses including ADHD, Mood Disorder NOS, Personality Disorder NOS, Bipolar I Disorder, with possible psychotic features, and Generalized Anxiety Disorder. Dr. Gorham explained that the variance in his diagnoses are likely a result of BEM's complex symptom

presentation and his inability to meet full criteria for a single diagnosis. Dr. Gorham explained that BEM exhibits multiple symptoms characteristic of Bipolar Disorder I that caused significant impairment in important areas of his life; however he does not meet full criteria for manic episode as the periods of elevated and expansive mood are not abnormal nor distinct for him. Dr. Gorman noted that records and observations indicate that BEM's baseline of functioning include grandiosity, pressured speech, and increase in goal directed activity, and impulsivity. There are no distinct periods of time where these symptoms emerge or dissipate, rather they are constant. Additionally, Dr. Gorham noted that there is some indication that BEM suffers from delusional ideation, so the specifier of with psychotic features was added to the diagnosis. Dr. Gorham found that BEM's egocentrism, hostility and anger, impulsivity and disregard for others needs or feelings, demonstrated by his actions both on the street and while incarcerated, indicated a diagnosis of Antisocial Personality Disorder. Dr. Gorham points to the evidence documented from his childhood and causes significant impairment in his daily functioning as evidenced by his legal problems, volatile intimate relationships, and inability to engage appropriately in interpersonal relationships. (Exhibit#1 and Testimony of Dr. Hoffman)

15. On February 29, 2016, Patricia Kenny, the Metro Boston Area Director, sent BEM a letter informing him that he was not eligible for DMH services because based on the documentation submitted, a qualifying diagnosis was not the primary cause of the functional impairment. Ms. Kenny informed BEM of his appeal rights. On March 8, 2016, BEM submitted an informal appeal of the February 29, 2016, denial. (Exhibit #11 and Exhibit #12)

16. On March 25, 2016, Dr. Hoffman issued a letter to BEM in which he upheld the previous denial of BEM's application for DMH services. Dr. Hoffman agreed with the previous determination that BEM did not meet the clinical criteria for DMH Services. In considering BEM's appeal Dr. Hoffman reviewed the clinical data and assessments contained in BEM's file. Dr. Hoffman informed BEM that since DMH services are designed for those with the most serious and persistent mental disorders, many disorders of emotion or behavior are specifically excluded. As a result not all individuals with behavioral disturbances are eligible for DMH services. Dr. Hoffman further stated that having a diagnosis that meets DMH criteria does not necessarily lead to a positive determination. If an individual's psychiatric impairments are at a relatively low level of severity or if the functional impairments are not primarily the result of the qualifying psychiatric diagnosis, then a person will be found to not meet the Department's criteria. Dr. Hoffman continued by stating that an individual's health record must contain sufficient information to not only identify, but also support the accuracy of a person's diagnosis. Additionally, an individual's needs must be able to be met by a DMH service and not met by other services based on an assessment of the individual's current medical entitlements. Dr. Hoffman acknowledged that BEM's medical history contains references to a number of different diagnoses including Bipolar I Disorder, however Dr. Hoffman found that there was no definitive documentation of the presence of psychotic symptoms consistent with the diagnosis, and found that the opinion's contained in the record and his presentation was more consistent with a Bipolar II Disorder with episodic

Hypomania appeared to be more accurate. Dr. Hoffman found that BEM's clearly documented Antisocial Personality Disorder and history of ADHD would explain episodes of agitation, anger and impulsivity in the absence of active mood symptoms, would support the conclusion that a potentially qualifying diagnosis such as Bipolar II is not severe enough nor the overriding primary issue explaining BEM's functional impairments. BEM was given information on how to appeal this decision. (Exhibit#9)

17. On April 14, 2016, BEM appealed the March 25, 2016, determination of Dr. Hoffman to Commissioner Joan Mikula. (Exhibit #7)

18. On June 23, 2016, Dr. Hoffman conducted a face-to-face interview with BEM concerning his appeal request. In addition to the interview, Dr. Hoffman again reviewed the submitted clinical documents. After meeting with BEM, Dr. Hoffman expressed doubts that BEM even meets the criteria for Bipolar II Disorder. During his meeting with Dr. Hoffman BEM stated that he was sleeping 12 hours a day. Dr. Hoffman noted that in most, if not all, cases where you have hypomania or mania, decreased sleep or need for sleep are "part and parcel" of a manic episode and if someone is agitated, violent or threatening and is sleeping 12 hours a day the behavior would not be because they are manic. In addition BEM denied hallucinations, denied paranoia, denied delusions and denied having any symptoms and in essence denied that he believed he had a mental illness. His mental status examination was consistent with the BEM's presentation at the hearing in that he was personable, logical and had the ability to conduct himself appropriately which is not consistent with depression or mania. In reviewing the record Dr. Hoffman could not find evidence that BEM experienced a consistent week of manic behavior which is necessary for a Bipolar diagnosis. Dr. Hoffman did find however that BEM did in fact meet the diagnosis of Antisocial Personality Disorder which is well-documented in the medical records provided by FMC Devens. Antisocial Personality Disorder is not a qualifying diagnosis for DMH services. In addition, Dr. Hoffman does not believe, from a psychiatric perspective, that BEM has a functional impairment and that if was released to the community he would not require psychiatric hospitalization. Dr. Hoffman noted that it is well documented in the record that BEM has issues with agitation, impulsivity and threatening and violent behavior. Dr. Hoffman sated that if these behaviors were even considered to be a functional impairment it would be the result of the combination of Antisocial Personality Disorder, ADHD and potentially his status post significant head injury all of which are not qualifying diagnoses. Dr. Hoffman stated that if BEM was returned to the community some of the service he would require include outpatient counseling, possibly anger management classes, psychotherapy and continuing taking prescribed medications. These services are generally not provided by DMH if the person has insurance and the service can be provided through the insurance carrier. After meeting with BEM, Dr. Hoffman formulated the diagnosis of Antisocial Personality Disorder, Narcissistic Personality Disorder, ADHD, Rule out Traumatic Brain Injury and Rule out Bipolar II. Of these diagnoses only Bipolar II could potentially be a qualifying diagnosis but only if there was severe depression, suicidality and an inability to function because of depression which is not the case with BEM. (Testimony of Dr. Hoffman)

19. BEM disagrees with his previous diagnosis of Bipolar I with psychotic features which was given to him by Dr. Channell. This diagnosis was given in sworn court testimony at the hearing concerning his civil commitment pursuant to Title 18, United States Code. Section 4246. At the same hearing BEM hired his own expert witness Dr. David Kriegman who made the determination that in his opinion BEM did not meet the criteria for having a major mental illness. BEM believes he currently carries a Bipolar II diagnosis. (Testimony of BEM)

20. BEM, while being held on his civil commitment, has engaged in numerous educational programs and has successfully completed the educational portion of the rehabilitative services program of the Board of Prisons. (Id.)

III.   CONCLUSIONS:

At issue is whether BEM meets the clinical criteria of the DMH for continuing care services as set forth in 104 CMR 29.04(2)(a). To meet the clinical eligibility criteria for receipt of DMH services the adult must have a mental illness that:

1.   includes a substantial disorder of thought, mood, perception, which grossly impairs judgment, behavior, capacity to recognize reality or the ability to meet the ordinary demands of life; and

2.   is the primary cause of a functional impairment that substantially interferes with or limits the performance of one or more major life activities, and is expected to do so in the succeeding year; and

3.   meets diagnostic criteria specified within the current edition of *Diagnostic and Statistical Manual of Mental Disorders*, (4th ed., text revision) American Psychiatric Association, Washington DC (2000), which indicates that the individual has a serious, long term mental illness that is not based on symptoms primarily caused by:

   a.   developmental disorders usually first diagnosed in infancy, childhood, or adolescence, such as mental retardation or pervasive developmental disorders; or

   b.   cognitive disorders, including delirium, dementia or amnesia; or

   c.   mental disorders due to a general medical condition not elsewhere classified; or

   d.   substance-related disorders.

BEM as the Appellant can only prevail in his appeal of his denial if it is shown that the denial of eligibility lacks a reasonable basis (104 CMR 29.16 (2)(a)). After reviewing the record I find that BEM cannot prevail on this because I find the opinion of Dr. Hoffman to be reasonable that BEM does not have a psychiatric disorder that qualifies for DMH services. After reviewing all

of the available clinical information, Dr. Hoffman found that BEM's clinical presentation is most consistent with a diagnosis of Antisocial Personality Disorder, Narcissistic Personality Disorder, Attention Deficit Hyperactivity Disorder, Rule out Traumatic Brain Injury and Rule out Bipolar II. Of these diagnoses only Bipolar II could potentially be a qualifying diagnosis but only if there was severe depression, suicidality and an inability to function because of depression which is not supported by the evidence contained in the record including numerous medical records of clinical encounters at FMC Deven between October 2015 through June 2016. During his in-person meeting with Dr. Hoffman, BEM stated that he was sleeping 12 hours a day. Dr. Hoffman noted that in most, if not all, cases where you have hypomania or mania, decreased sleep or need for sleep are "part and parcel" of a manic episode and if someone is agitated, violent or threatening and is sleeping 12 hours a day the behavior it is not because they are manic. In addition BEM denied hallucinations, denied paranoia, denied delusions and denied having any symptoms and in essence denied that he believed he had a mental illness. This is consistent with the sworn testimony of BEM's own expert witness Dr. David Kriegman and to a large part Dr. Hoffman.

As to whether or not BEM has a functional impairment that substantially interferes with or limits the performance of one or more major life activities, the Department's position is that from a psychiatric perspective, BEM does not have a functional impairment and that if was released to the community he would not require psychiatric hospitalization. His mental status examination was consistent with the BEM's presentation at the hearing in that he was personable, logical and had the ability to conduct himself appropriately. BEM has worked in the construction industry. BEM reported he completed a 15-week legal preparation course at Suffolk Law School and he took building construction and technology courses at Wentworth Institute of Technology in Boston. BEM reported that he is a few credits short of obtaining an Associate's Degree. BEM indicated that he is currently married. BEM, while being held on his civil commitment, has engaged in numerous educational programs and has successfully completed the educational portion of the rehabilitative services program of the Board of Prisons. While recognising that behavioral issues exist, Dr. Hoffman stated that if BEM was returned to the community some of the services he would require include outpatient counseling, possibly anger management classes, psychotherapy and continuing taking prescribed medications. These services are generally not provided by DMH if the person has insurance and the service can be provided through the insurance carrier. This hearing officer finds that BEM does not have a functional impairment that substantially interferes with or limits the performance of one or more major life activities.

8

IV.   ORDER:

The DMH determination that BEM is not eligible for adult services has a reasonable basis and is **confirmed.**


V.   APPEAL:

As the Appellant, BEM may petition the Commissioner for a rehearing pursuant to 104 CMR 29.16(6) and any person aggrieved by a final decision of the DMH may appeal to the Superior Court pursuant to 104 CMR 29.16 (8) and in accordance with the standards and procedures contained in M.G. L. c. 30A § 14.

October 24, 2016

_____
Dominic J. Gervasi, Esq., Hearing Officer

**RE: BRIAN E. MAHONEY**
**DMH Eligibility Appeal**
**Fair Hearing: 2016**

## List of Exhibits

| Exhibit # | Date | Document |
|---|---|---|
| 1 | 6-24-16 | Letter to Dr. David Hoffman (DMH) from Mr. Mahoney with Exhibits attached |
| 2 | 5-31-16 | Letter to DMH Commissioner Mikula from Mr. Mahoney with enclosure: |
| | | • Exhibit B – Boston Police records |
| 3 | 5-9-16 | Letter to D. Morganelli (DMH) from Mr. Mahoney confirm receipt of Notice |
| 4 | 4-28-16 | Letter to Dominic Gervasi from Mr. Mahoney with enclosures: |
| | | • Joint Appendix to USA v. Brian E. Mahoney, U.S. Appeals 1st Circuit of MA, No. 14-2243 |
| | | • Letter to Mr. Mahoney from Atty. Michael Schneider |
| | | • Medical records & expenses (2010) |
| 5 | 4-28-16 | Response Letter to Mr. Mahoney from D. Morganelli with enclosure: |
| | | • 4-25-16 assignment letter to Atty. Gervasi |
| 6 | 4-25-16 | Notice of Fair Hearing, appointment of hearing officer, Dominic Gervasi, Esq. |
| 7 | 4-7-16 | Request for Service Appeal to DMH Commissioner Mikula from Mr. Mahoney |
| 8 | 4-4-16 | Appeal letter to Patricia Kenny (DMH) from Mr. Mahoney with attached case law: |
| | | • Ecker v. U.S.A. |
| 9 | 3-25-16 | Denial Letter in Response to Mr. Mahoney's Appeal from Dr. David Hoffman (DMH) |
| 10 | 3-11-16 | Dismissal of charges; Letter to Mr. Mahoney from A. Schulman, Esq. |
| 11 | 3-8-16 | Request for Informal meeting w/ David Tack (DMH) |
| 12 | 2-29-16 | Denial Letter in Response to Mr. Mahoney's Appeal from Patricia Kenny (DMH) |
| 13 | 2-2016 | *DMH Adult Services Application* from Mr. Mahoney |
| | | **Federal Bureau of Prisons:** |
| 14 | 1-6-16 | Medication Summary from Bureau of Prisons of Mr. Mahoney |
| 15 | 11-23-15 | Letter in response to request for records from Warden Grondolsky |
| | | • Miscellaneous Medical Records of Mr. Mahoney |
| 16 | 11-6-15 | Letter from Warden Grondolsky with following enclosures: |
| | | • Risk Assessment Report (11-6-15) |
| 17 | 8-1-16 | Letter to Dr. David Hoffman (DMH) form Mr. Mahoney with medical records from Goodwin Community Health Center |

# RE: BRIAN E. MAHONEY
## DMH Eligibility Appeal
## Fair Hearing: 2016

| 18 | 8-28-16 | Letter to Hearing Officer Dominic Gervasi with 2-21-13 order From J. Plante. |
| 19 | 5-20-13 | Forensic report of Mr. Mahoney completed by Dr Channell. |

Exhibit "4" (42/106)

AUG. 22. 2005  3:08PM     C.... of MASS  SORB

NO. 4685   P. 9/17

```
***********************************************  ****************************
*                                                                          *
*              ******* WARNING ******** WARNING ********                    *
*                                                                          *
*        THIS INFORMATION IS CORI.  IT IS NOT SUPPORTED BY FINGERPRINTS.    *
*     PLEASE CHECK THAT THE NAME REFERENCED BELOW MATCHES THE NAME AND DATE OF BIRTH*
*     OF THE PERSON REQUESTED.                                              *
*                                                                          *
***************************************************************************
```

```
              *********       COMMONWEALTH OF MASSACHUSETTS      *********
                              CRIMINAL HISTORY SYSTEMS BOARD

                              *** PERSONS COURT SUMMARY ***       not there
```

NAM: MAHONEY, BRIAN E              FORMAL-NAM: BRIAN — not there        PCF: 00001109659
DOB: 05/23/59    SEX: M   RAC: W       POB: QUINCY :\                   SSN: 020509042
MOM:COLLINS               POP:MELVIN       HGT: 601 WGT: 187 HAI: BRO EYE: BRO
ADDRESS: 90 ELM ST CHARLESTOWN

East Cambridge — not there
Billerica

```
***** ***** ***** ***** ADULT APPEARANCES ***** ***** ***** *****
```

ARRAIGNMENT: (001)
  ARG-DATE: 09/28/04 PD: EVE COURT; MALDEN DISTRICT              DKT#:    0450CR2S20?
  OFF: ABUSE PREVENTION ACT                                      AB PREV ACT
  DISP: WAR/W/D C 2/16/05  C 4/11/05  JT 9/12/05                 STATUS: O   WPD:


ARRAIGNMENT: (002)
  ARG-DATE: 09/28/04 PD: EVE COURT: MALDEN DISTRICT              DKT#:    0450CR2820
  OFF:  THREATENING              TO KILL                         THREAT
  DISP: WAR/WD C 2/16/05  C 4/11/05  JT 9/12/05                  STATUS: O   WPD:


ARRAIGNMENT: (003)
  ARG-DATE: 01/12/04 PD: BOS COURT: BOSTON DISTRICT              DKT#:    0401CR21!
  OFF: BE SEX OFFENDER FL TO REGISTER                            SEX OFFDR FL REG
  DISP: C 8/25/04 DISM                                           STATUS: C   WPD:


ARRAIGNMENT: (004)
  ARG-DATE: 12/18/03 PD: BOS COURT: DORCHESTER DISTRICT          DKT#:    0207CR072
  OFF: THREATENING               BOD HARM                        THREAT
  DISP: C 3/9/04 G 45DA CMTD                                     STATUS: C   WPD:

(43/106)

DISP: AUG. 22. 2005. 3:08PM DJ Co... of MASS  SORB

NO. 4685   P. 10/17

ARRAIGNMENT: (006)
ARG-DATE: 01/28/03 PD: SH4 COURT: CHARLESTOWN DISTRICT      DKT#:      0204CR0757A
OFF:  LEAVING SCENE:PROPERTY DAMGE                         113A
DISP: WAR WAR/WD C3/5/04 DISM                              STATUS: C   WPD:

ARRAIGNMENT: (007)
ARG-DATE: 01/28/03 PD: SH4 COURT: CHARLESTOWN DISTRICT      DKT#:      0204CR0757B
OFF:  OPERATING AFTER REVOKE LICENSE HTO                   114B-REV
DISP: WAR WAR/WD C3/5/04 DISM                              STATUS: C   WPD:

ARRAIGNMENT: (008)
ARG-DATE: 10/31/01 PD: DEN COURT: ORLEANS DISTRICT          DKT#:      0126CR2388A
OFF:  LEAVING SCENE:PROPERTY DAMGE                         113A
DISP: DF (2) 3/8/04 D/R G 60DA CMTD CONC                   STATUS: C   WPD:

ARRAIGNMENT: (009)
ARG-DATE: 10/31/01 PD: DEN COURT: ORLEANS DISTRICT          DKT#:      0126CR2388B
OFF:  OPERATING AFTER REVOKE LICENSE                       114B-REV
DISP: DF (2) 3/8/04 D/R G 60DA CMTD CONC                   STATUS: C   WPD:

ARRAIGNMENT: (010)
ARG-DATE: 10/31/01 PD: DEN COURT: ORLEANS DISTRICT          DKT#:      0126CR2388C
OFF:  OPER TO END (LIVES&SAFTEY)                           112A
DISP: DF (2) 3/8/04 D/R G 60DA CMTD CONC                   STATUS: C   WPD:

ARRAIGNMENT: (011)
ARG-DATE: 06/08/99 PD: REV COURT; CHELSEA DISTRICT          DKT#:      9914CR1760
OFF:  ATTACHING WRONG MV PLATES                            124P
DISP: DF 11/21/03 D/R 5/13/04 (JT) 8/12/04 DISM            STATUS: C   WPD:

ARRAIGNMENT: (012)
ARG-DATE: 06/08/99 PD: REV COURT: CHELSEA DISTRICT          DKT#:  .   9914CR176(
OFF:  OPER NEGLIGENTLY                                     MV OP NEG
DISP: DF 11/21/03 D/R 5/13/04 (JT) 8/12/04 DISM            STATUS: C   WPD:

ARRAIGNMENT: (013)
            '.. PD: REV COURT: CHELSEA DISTRICT             DKT#:      9914CR176
                                                           114B  SUS

(44/10)

AUG. 22. 2005  3:08PM     CO..... of MASS  SORB              NO. 4685   P. 11/17

ARRAIGNMENT: (014)
  ARG-DATE: 06/08/99 PD: REV COURT: CHELSEA DISTRICT             DKT#:      9914CR1760F
  OFF:  COMPULSORY INSURANCE VIOLATION                          118A
  DISP: DF 11/21/03 D/R 5/13/04 (JT) 8/12/04 DISM               STATUS: C    WPD:


ARRAIGNMENT: (015)
  ARG-DATE: 05/03/99 PD: WIT COURT: EAST BOSTON DISTRICT         DKT#:      9905CR0913A
  OFF:  A&B DANGEROUS WEAPON                                     A&B DW
  DISP: WAR/WD 3/3/04 FILED W/O CHANGE OF PLEA                   STATUS: C    WPD:


ARRAIGNMENT: (016)
  ARG-DATE: 10/23/98 PD: BOS COURT: CHARLESTOWN DISTRICT         DKT#:      9804CR0696A
  OFF:  KNOWINGLY REC STOLEN PROP      MV                        RSG
  DISP: WAR WAR/WD C1/26/04 DISM                                 STATUS: C    WPD:


ARRAIGNMENT: (017)
  ARG-DATE: 10/23/98 PD: BOS COURT: CHARLESTOWN DISTRICT         DKT#:      9804CR0686
  OFF:  CRIME OF (SPECIFY IN FULL)     NUMBER PLATE VIOL         CRIME OF
  DISP: WAR WAR/WD C1/26/04 DISM                                 STATUS: C    WPD:


ARRAIGNMENT: (018)
  ARG-DATE: 10/23/98 PD: BOS COURT: CHARLESTOWN DISTRICT         DKT#:      9804CR068
  OFF:  COMPULSORY INSURANCE VIOLATION                           118A
  DISP: WAR WAR/WD C1/26/04 DISM                                 STATUS: C    WPD:


ARRAIGNMENT: (019)
  ARG-DATE: 09/22/98 PD: MDC COURT: EAST BOSTON DISTRICT         DKT#:      9805CR16!
  OFF:  KNOWINGLY REC STOLEN PROP                                RSG
  DISP: WAR/WD 3/3/04 $125 FINE VWF 12/3/04 DF                   STATUS: O    WPD:


ARRAIGNMENT: (020)
  ARG-DATE: 09/22/98 PD: MDC COURT: EAST BOSTON DISTRICT         DKT#:      9805CR1(
  OFF:  COMPULSORY INSURANCE VIOLATION                           118A
  DISP: WAR/WD 3/3/04 DISM                                       STATUS: C    WPD:


ARRAIGNMENT: (021)
  ARG-DATE: 09/22/98 PD: MDC COURT: EAST BOSTON DISTRICT         DKT#:      9805CR!
  OFF:  ATTACHING WRONG MV PLATES                                124P
  DISP: WAR/WD 3/3/04 G FILED                                    STATUS: C    WPD:

ARG-DATE: 11/30/93                                              112A
OFF:  OPER TO END (.-VE  SAFTEY)                      STATUS: C   WPD:
DISP: DF 2/14/94 D/R 5/31/94 G $200 FINE VWF 7/1/94 JF
      3/17/95 D/R PD


ARRAIGNMENT: (040)
  ARG-DATE: 09/13/90 PD:      COURT: CAMBRIDGE JURY OF SIX    DKT#:    90652JR988
  OFF:  COMPULSORY INSURANCE VIOLATION                 118A
  DISP: C 10/9/90 G VWF FINE $625 6 MO SS 10/9/92 (@10)  STATUS: C   WPD:
        TERM


ARRAIGNMENT: (041)
  ARG-DATE: 09/13/90 PD:      COURT: CAMBRIDGE JURY OF SIX    DKT#:    90652JR988
  OFF:  ATTACHING WRONG MV PLATES                      124P
  DISP: C 10/9/90 G FILE (@10)                         STATUS: C   WPD:


ARRAIGNMENT: (042)
  ARG-DATE: 05/03/90 PD:      COURT: SOMERVILLE DISTRICT      DKT#:    9010CR120
  OFF:  COMPULSORY INSURANCE VIOLATION                 118A
  DISP: C 8/24/90 FJ                                   STATUS: C   WPD:


ARRAIGNMENT: (043)
  ARG-DATE: 05/03/90 PD:      COURT: SOMERVILLE DISTRICT      DKT#:    9010CR12
  OFF:  ATTACHING WRONG MV PLATES                      124P
  DISP: C 8/24/90 FJ                                   STATUS: C   WPD:


ARRAIGNMENT: (044)
  ARG-DATE: 09/23/83 PD:      COURT: SUFFOLK SUPERIOR         DKT#:         03
  OFF:  A&B DANGEROUS WEAPON            KNIFE          A&B DW
  DISP: 5-10YR CMTD                                    STATUS: C   WPD:


ARRAIGNMENT: (045)
  ARG-DATE: 09/23/83 PD:      COURT: SUFFOLK SUPERIOR         DKT#:          C
  OFF:  RAPE                           ORAL ATT        RAPE
  DISP: 8-12YR CMTD                                    STATUS: C   WPD


ARRAIGNMENT: (046)
  ARG-DATE: 09/23/83 PD:      COURT: SUFFOLK SUPERIOR         DKT#:
  OFF:  INTIMIDATION                   WITNESS         INTIM
  DISP: 2 1/2-3YR CMTD                                 STATUS: C   WP

AUG. 22. 2005  3:09PM      C....... of MASS  SORB

(46/10

NO. 4685   P. 15/17

ARRAIGNMENT: (048)
  ARG-DATE: 02/19/82 PD:      COURT: CHARLESTOWN DISTRICT      DKT#:         228
  OFF: RAPE                          ORAL ATT                  RAPE
  DISP: C 5/10/82 BO                                           STATUS: C   WPD:

ARRAIGNMENT: (049)
  ARG-DATE: 01/18/82 PD:      COURT: BOSTON DISTRICT           DKT#:         490
  OFF: BREAKING GLASS                                          GLS BRK
  DISP: PROB 2/3/83 DF WAR 2/3/04 WAR/WD C 8/25/04             STATUS: O   WPD:
                        Dismiss

ARRAIGNMENT: (050)
  ARG-DATE: 11/04/80 PD:      COURT: EAST BOSTON DISTRICT      DKT#:         286
  OFF: NO SUPPORT (SPECIFY)            ILLEGIT CHILD           NS
  DISP: DF WAR 1/18/82 WAR/WD   4/5/82 WAR  WAR/WD 5/24/96  STATUS: C   WPD:
        DISM

ARRAIGNMENT: (051)
  ARG-DATE: 07/28/80 PD:      COURT: WOBURN DISTRICT           DKT#:
  OFF: UTTERING                           FORGE INST           UTTER
  DISP: DF 2/19/82 D/R C 3/16/81 G FILE                        STATUS: C   WPD:

ARRAIGNMENT: (052)
  ARG-DATE: 07/28/80 PD:      COURT: WOBURN DISTRICT           DKT#:
  OFF: LARCENY MORE                                            LAR MORE
  DISP: DF 2/19/82 D/R C 3/16/81 G FILE                        STATUS: C   WP

ARRAIGNMENT: (053)
  ARG-DATE: 07/28/80 PD:      COURT: WOBURN DISTRICT           DKT#:
  OFF: KNOWINGLY REC STOLEN PROP                               RSG
  DISP: DF 2/19/82 D/R C 3/16/81 G FILE                        STATUS: C

ARRAIGNMENT: (054)
  ARG-DATE: 05/07/80 PD:      COURT: LOWELL JURY OF SIX        DKT#:
  OFF: CREDIT CARD MISUSE               MISUSE                 CRDT CARD
  DISP: FILE                                                   STATUS: C

ARRAIGNMENT: (055)
  ARG-DATE: 05/07/80 PD:      COURT: LOWELL JURY OF SIX        DKT#:
      CENY                          ATT                        LAR
          /82 VOP DF 3/1/82 D/R 1YR CMTD                       STATUS

AUG. 22. 2005  3:10PM    C.    of MASS SORB    NO. 4685 M  P. 16/17

ARRAIGNMENT: (056)    COURT: SUFFOLK SUPERIOR
ARG-DATE: 12/17/79 PD:
OFF: ARMED ROBBERY
DISP: DISM
STATUS: C    WPD:

ARRAIGNMENT: (057)
ARG-DATE: 12/17/79 PD:    COURT: SUFFOLK SUPERIOR    DKT#:    6350
OFF: PROPERTY VIOLATION              DEST PER PROP    PROP VIOL
DISP: DISM    STATUS: C    WPD:

ARRAIGNMENT: (058)
ARG-DATE: 12/17/79 PD:    COURT: SUFFOLK SUPERIOR    DKT#:    63507
OFF: THREATENING    THREAT
DISP: DISM    STATUS: C    WPD:

ARRAIGNMENT: (059)
ARG-DATE: 08/03/79 PD:    COURT: LOWELL JURY OF SIX    DKT#:    JR796114
OFF: KNOWINGLY REC STOLEN PROP    RSG
DISP: G FILE (@53)    STATUS: C    WPD:

ARRAIGNMENT: (060)
ARG-DATE: 08/03/79 PD:    COURT: LOWELL JURY OF SIX    DKT#:    JR7961
OFF: LARCENY                         MORE    LAR
DISP: G CMTD (@53)    STATUS: C    WP

ARRAIGNMENT: (061)
ARG-DATE: 07/26/79 PD:    COURT: BOSTON MUNICIPAL JURY OF DKT#:
OFF: POSS CLASS D CONT SUB    CSA POSS D
DISP: 3MO SS 1/16/80 20MO CMTD    STATUS: C

ARRAIGNMENT: (062)
ARG-DATE: 04/20/79 PD:    COURT: CHARLESTOWN DISTRICT    DKT#:
OFF: POSS CLASS D CONT SUB              MARIJ    CSA POSS D
DISP: G 6MO SS 5/9/80 $200 FINE APP    STATUS: C

ARRAIGNMENT: (063)
ARG-DATE: 04/04/79 PD:    COURT: CHARLESTOWN DISTRICT    DKT#:
OFF: ARMED ROBBERY    ROB ARM
DISP: C 4/20/79 BO    STATUS: C

AUG. 22. 2005 2 3:10PM&O   C... of MASS  SORB
DISP; C ... 2 3:10PM&O

(48)

NO. 4685   P. 17/17

ARRAIGNMENT: (065)
  ARG-DATE: 04/04/79 PD:      COURT: CHARLESTOWN DISTRICT    DKT#:          116
  OFF:  THREATENING                                          THREAT
  DISP: C 4/20/79 BO                                         STATUS: C   WPD:


ARRAIGNMENT: (066)
  ARG-DATE: 04/03/79 PD:      COURT: WOBURN DISTRICT         DKT#:          7940
  OFF:  LARCENY                              ATT             LAR
  DISP: 1YR SS 4/23/81 APP                                   STATUS: C   WPD:


ARRAIGNMENT: (067)
  ARG-DATE: 04/03/79 PD:      COURT: WOBURN DISTRICT         DKT#:          635055
  OFF:  CREDIT CARD MISUSE              MISAPPROPRIATE        CRDT CARD
  DISP: C 4/23/79 1YR SS 4/23/81 APP                         STATUS: C   WPD:


ARRAIGNMENT: (068)
  ARG-DATE: 03/06/79 PD:      COURT: MIDDLESEX SUPERIOR      DKT#:          78
  OFF:  KNOWINGLY REC STOLEN PROP                            RSG
  DISP: 3MO SS 3/6/81 10/22/80 VOP WAR 12/13/83/WAR/WD       STATUS: C   WPD:
        TERM

ARRAIGNMENT: (069)
  ARG-DATE: 01/29/79 PD:      COURT: SUFFOLK SUPERIOR        DKT#:          635
  OFF:  B&E NIGHT                                            B&E NT
  DISP: FILE                                                 STATUS: C   WPD

ARRAIGNMENT: (070)
  ARG-DATE: 01/29/79 PD:      COURT: SUFFOLK SUPERIOR        DKT#:          6
  OFF:  ASSAULT DANGEROUS WEAPON         PLIERS PO           ASLT DW
  DISP: 2YR SS 10/22/80 VOP WAR 12/13/83 WAR/WD TERM         STATUS: C   WP


ARRAIGNMENT: (071)
  ARG-DATE: 01/29/79 PD:      COURT: SUFFOLK SUPERIOR        DKT#:
  OFF:  ASSAULT AND BATTERY                                  A&B
  DISP: 2YR SS 10/2/80 VOP WAR 12/13/83 WAR/WD TERM          STATUS: C   t

ARRAIGNMENT: (072)
  ----: 01/29/79 PD:      COURT: SUFFOLK SUPERIOR            DKT#:
  ... WEAPON

(49/1

AUG. 22. 2005  3:10PM    (....d of MASS  SORB          NO. 4687   P. 1/68

ARRAIGNMENT: (073)
   ARG-DATE: 12/25/78 PD:        COURT: CHARLESTOWN DIST..CT      DKT#:        6350332
   OFF:  ASSAULT AND BATTERY                                      A&B
   DISP: 3MO CMTD                                                 STATUS: C    WPD:


ARRAIGNMENT: (074)
   ARG-DATE: 12/25/78 PD:        COURT: CHARLESTOWN DISTRICT      DKT#:        6350392
   OFF:  PROPERTY VIOLATION              INJ PERS PROP            PROP VIOL
   DISP: C 3/10/79 3MO CMTD                                       STATUS: C    WPD:


ARRAIGNMENT: (075)
   ARG-DATE: 11/04/78 PD:        COURT: CHARLESTOWN DISTRICT      DKT#:        6350452
   OFF:  KNOWINGLY REC STOLEN PROP                               RSG
   DISP: DF WAR 11/30/78 WAR/WD 3MO CMTD APP                      STATUS: C    WPD:


ARRAIGNMENT: (076)
   ARG-DATE: 10/06/78 PD:        COURT: CHARLESTOWN DISTRICT      DKT#:        635044
   OFF:  LARCENY MORE                                             LAR MORE
   DISP: DF WAR WAR/WD G $50 FINE DF 4/4/79 D/R PD DISM           STATUS: C    WPD:


ARRAIGNMENT: (077)
   ARG-DATE: 09/20/78 PD:        COURT: CHARLESTOWN DISTRICT      DKT#:        63504
   OFF:  B&E NIGHT                                                B&E NT
   DISP: G PROB 9/20/79 APP                                       STATUS: C    WPD:


ARRAIGNMENT: (078)
   ARG-DATE: 09/20/78 PD:        COURT: CHARLESTOWN DISTRICT      DKT#:        6350
   OFF:  ASSAULT DANGEROUS WEAPON         PO                      ASLT DW
   DISP: C 10/6/78 G $1000 FINE APP                               STATUS: C    WPD:


ARRAIGNMENT: (079)
   ARG-DATE: 07/07/77 PD:        COURT: CHARLESTOWN DISTRICT      DKT#:        635
   OFF:  ASSAULT AND BATTERY                                      A&B
   DISP: G 6MO CMTD APP                                           STATUS: C    WPD


ARRAIGNMENT: (080)
   ARG-DATE: 07/07/77 PD:        COURT: CHARLESTOWN DISTRICT      DKT#:        6.
   OFF:  ASSAULT DANGEROUS WEAPON         KNIFE                   ASLT DW
   DISP: G 2 1/2YRS CMTD APP                                      STATUS: C    WP

(50/10(

AUG. 22. 2005 3:10PM BBF COMM of MASS SORB                    NO. 4687  P. 2/68
·DISP: C 11/20/77                                            RUB ARM
                                                            STATUS: C   WPD:


ARRAIGNMENT: (082)
  ARG-DATE: 12/06/76 PD:     COURT: CHELSEA DISTRICT          DKT#:        635027Z
  OFF:  POSS DANGEROUS WEAPON                                POSS DW
  DISP: C 1/20/77 FJ                                         STATUS: C   WPD:


ARRAIGNMENT: (083)
  ARG-DATE: 09/10/76 PD:     COURT: CHARLESTOWN DISTRICT      DKT#:        635025Z
  OFF:  MAL DESTRUCTION OF PROPERTY                          PROP MAL DES
  DISP: C 5/22/77 DISM                                       STATUS: C   WPD:


***** ***** ***** **** END OF ADULT APPEARANCES ***** ***** ***** *****

REQUESTED BY: MVOZZELLA/SORB
COMPLETED BY: VOZZELLA, MICHAEL
     AGENCY: SEX OFFENDER REGISTRY - KAG